# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

**In Case No. 2022-0315, <u>State of New Hampshire v. George Reid</u>, the court on August 31, 2023, issued the following order:**

The court has reviewed the written arguments and the limited record submitted on appeal, and has determined to resolve the case by way of this order. <u>See</u> <u>Sup. Ct. R.</u> 20(2). The defendant, George Reid, appeals an order of the Superior Court (<u>Will</u>, J.), following a hearing, denying his motion to award earned time credits. <u>See</u> RSA 651-A:22-a (Supp. 2022). The trial court reasoned that, for persons incarcerated prior to the effective date of RSA 651-A:22-a, the statute grants it discretion to determine whether to award earned time credits. In exercising its discretion not to award earned time credits, the trial court expressly relied upon: (1) "the nature of the defendant's crime and sentence"; (2) "the procedural history of the prosecution"; and (3) the viewpoints of the defendant's victim and members of her family articulated at the hearing. On appeal, the defendant argues that the trial court erred by: (1) considering the nature of his crime and the viewpoints of the victim and her family; (2) not limiting the factors it considered in denying earned time credits to those that would warrant a forfeiture of earned time credits under RSA 651-A:22-a, III; and (3) not ruling that the defendant was entitled, as a matter of law, to earned time credits based upon his successful completion of qualifying programs, the recommendation of the Commissioner of the New Hampshire Department of Corrections, and his efforts at rehabilitation. We affirm.

RSA 651-A:22-a provides that, for persons incarcerated prior to the effective date of the statute, earned time credits are available upon the approval of the sentencing court in response to a timely petition, and upon the recommendation of the Commissioner of the New Hampshire Department of Corrections. RSA 651-A:22-a, II. In <u>State v. Jordan</u>, 176 N.H. ___, ___ (N.H. June 29, 2023) (slip op. at 5), we recently held that, for persons incarcerated prior to the effective date of the statute, RSA 651-A:22-a, II grants the trial court broad discretion to grant or deny approval of earned time credits. The trial court's discretion is not limited to considering the prisoner's rehabilitative efforts and behavior during incarceration. <u>Id</u>. Indeed, in ruling on a motion for earned time credits under RSA 651-A:22-a, II, we held that the trial court may consider "a variety of relevant factors" in addition to the defendant's efforts at rehabilitation, including "the nature of the [underlying criminal] offense and its impact on the victims." <u>Id</u>. at ___ (slip op. at 7). We specifically rejected the defendant's argument that the statutory interpretation principle of <u>ejusdem generis</u> limited the factors that the trial court may consider under RSA 651-A:22-a, II to those factors that would warrant a forfeiture of earned time credits

under RSA 651-A:22-a, III, or to similar factors.  Id. at ___ (slip op. at 6).
Accordingly, we reject the defendant's arguments that the trial court erred in
this case by considering the nature of his crime and the viewpoints of the
victim and her family, by not limiting its consideration of factors in denying
earned time credits to those articulated in RSA 651-A:22-a, III, and by not
ruling that he was entitled to earned time credits as a matter of law.

We review the trial court's decision for an unsustainable exercise of
discretion.  Id. at ___ (slip op. at 7).  This standard of review means that we
review the record to determine whether it establishes an objective basis
sufficient to sustain the trial court's discretionary judgment.  Id.  We will
reverse only if the trial court's decision was clearly untenable or unreasonable
to the prejudice of the defendant's case.  Id.  Based on our review of the limited
record on appeal, which does not include a hearing transcript, we cannot
conclude that the trial court unsustainably exercised its discretion.  Any issues
raised for the first time in the defendant's reply brief are waived.  Panas v.
Harakis & K-Mart Corp., 129 N.H. 591, 617-18 (1987).

Affirmed.

MacDonald, C.J., and Hicks, Bassett, Hantz Marconi, and Donovan, JJ.,
concurred.

**Timothy A. Gudas,
Clerk**

2